UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

CHARLES RAY OUTLAW,                                    No. 14-cv-1605 (DSD/LIB)

      Petitioner,

      v.                                                   **REPORTAND RECOMMENDATION**

COOK COUNTY, ILLINOIS,

      Respondent.

---

This case is before the Court upon the application of Charles Ray Outlaw ("Petitioner") for a writ of habeas corpus.   [Docket No. 1].   The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.   For the reasons discussed below, it is recommended that this action be **DISMISSED without prejudice**.

Petitioner, who appears to have filed his Petition without the assistance of legal counsel,[1] filed both his Petition, [Docket No. 1], and his application to proceed *in forma pauperis* ("IFP"), [Docket No. 2] (the "IFP Application"), on May 21, 2014.

On May 30, 2014, this Court entered an Order, [Docket No. 3], which identified several deficiencies in the Petition, and which informed Petitioner that if he intended to continue to prosecute this action, he would have to file an amended petition that cured those deficiencies by no later than June 12, 2014.   (Id. at 1-8, 10).   That date has passed, and as of the date of this Report and Recommendation, Petitioner has not filed any such amended petition.[2]

---

[1]  The Petition is signed by a "Kimberly Kay Bomstad," who purports to be exercising "power of attorney" on behalf of Petitioner. (Pet. [Docket No. 1], at 7, 9).

[2]  Additionally, the Court observed in its previous Order that the Petition appeared to be moot, as it appeared that, since filing his Petition, Petitioner had indeed been transferred to the custody of Cook County, Illinois.   (See Order [Docket No. 3], at 2-3, n.2).   The fact that mail directed to Petitioner at the Hennepin County Jail has been returned as undeliverable, (see Mail Returned as Undeliverable [Docket No. 4]), further supports the conclusion that the Petition has been rendered moot.

Additionally, in its May 30, 2014, Order, this Court identified a fatal deficiency in Petitioner's IFP Application, and informed Petitioner that if he wished to proceed without paying the required filing fee, then he would have to file an amended IFP application that cured that deficiency by no later than June 12, 2014.   (Id. at 8-10).   Again, that date has passed, and as of the date of this Report and Recommendation, Petitioner has not filed any such amended IFP application.

Therefore, it is now recommended, in accordance with this Court's prior Order, [Docket No. 3], that Petitioner be deemed to have abandoned this action, that his Petition, [Docket No. 1], be **DENIED**, and that this action be **DISMISSED without prejudice** pursuant to Fed. R. Civ. P. 41(b).   See Henderson v. Renaissance Grand Hotel, 267 Fed.Appx. 496, 497 (8th Cir. unpub. 2008) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order."); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing federal court's inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

Having determined that this action should be dismissed, the Court will further recommend that Petitioner's pending IFP Application, [Docket No. 2], be **DENIED as moot**.

Based upon the above, and upon all the records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1.  Charles Ray Outlaw's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, [Docket No. 1], be **DENIED**, as set forth above;

2.  Petitioner's application to proceed *in forma pauperis*, [Docket No. 2], be **DENIED as moot**; and

**3.** This action be **DISMISSED without prejudice**.


Dated: June 19, 2014                                   s/Leo I. Brisbois
                                                      Leo I. Brisbois
                                                      U.S. MAGISTRATE JUDGE


## N O T I C E

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report

and Recommendation by filing and serving specific, written objections by **July 3, 2014**.   A party

may respond to the objections within **fourteen (14) days** after service thereof.   Any objections or

responses shall not exceed 3,500 words.   The District Judge will make a *de novo* determination of

those portions of the Report and Recommendation to which objection is made.   The party making

the objections must timely order and file the transcript of the hearing unless the parties stipulate

that the District Judge is not required to review a transcript or the District Judge directs otherwise.